[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on October 24, 1988 at Milford, Connecticut. They have resided continuously in this state since that date. There are no minor children issue of this marriage.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. CT Page 3493 Judgment may enter dissolving the marriage on that ground.
The Court has carefully considered the criteria set forth in §§ 46b-81, 46b-82 Connecticut General Statutes in rendering the decisions reflected in the orders that follow.
Although the parties have been married for approximately 8 years, they have had a longer relationship. The plaintiff is 39 years of age and in good health. He is employed as a truck driver earning a net of approximately $570. per week. The defendant is 46 years of age. She had a cancer operation in 1989. The defendant is presently employed as a bus driver earning approximately $300. net per week. Her four children from a previous marriage are all over the age of 18 years. Some or all of the children lived with the parties for periods of time during the parties marriage.
The parties have no assets to speak-of but they do have substantial liabilities. The defendant took $8000 from children's joint savings account for a deposit on a home that the parties purchased in 1993. There is no equity in the real estate and both parties have abandoned the home. The home is presently vacant, awaiting foreclosure proceedings.
Both parties related constant fighting and money problems, as well as verbal and physical abuse.
No useful purpose would be served by a review of all the evidence presented in this case. Unfortunately, the parties were unable to resolve their marital problems. The court declines to assess fault to either party for the breakdown of the marital relationship.
The following orders shall enter:
1. This court makes no disposition of the real estate as both parties have abandoned the property and plan to file Bankruptcy to resolve their respective financial liability with respect to the first and second mortgage.
2. The parties have already agreed on the division of their personal property.
3. The plaintiff shall pay the reasonable attorney's fees of the defendant for the bankruptcy proceedings. The plaintiff CT Page 3494 testified the cost would not exceed $700.
4. The plaintiff shall pay to the defendant as periodic alimony the sum of $35. per week which shall terminate on the defendant's death, remarriage or cohabitation or 3 years from date whichever shall first occur.
5. Each party shall be responsible for the debts as reflected on their respective financial affidavits. Since both parties plan to file bankruptcy, most of the debts will be discharged.
6. The court declines to enter any order with respect to the $8000. the defendant used from her children's savings account.
7. Each party shall be responsible for their respective attorney's fees.
8. The defendant is granted a change of name to Stephanie F. Armstrong.
COPPETO, J.